IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMANDA LEWIS,

    Plaintiff,

  v.

ACTIVISION BLIZZARD, INC., et al.,

    Defendants.
_____/

No. C 12-1096 CW

ORDER ON MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

    Plaintiff Amanda Lewis filed this action against Defendants Activision Blizzard, Inc. and Blizzard Entertainment, Inc. (collectively, Blizzard) alleging claims under federal copyright law and state law. Blizzard filed the instant motion to dismiss Lewis's state law claims for commercial misappropriation of voice pursuant to section 3344 of the California Civil Code and for quantum meruit. Lewis opposes the motion, which is submitted on the papers.

BACKGROUND

    Lewis worked for Blizzard as a "Game Master" for World of Warcraft (WoW), a multiplayer online role-playing game developed and owned by Blizzard. Compl. ¶¶ 2, 13, 16. Lewis was employed in a customer-service position responsible for in-game issues such as abusive language or players becoming unable to move in the game. Compl. ¶ 16.

    While Lewis was employed by Blizzard, she responded to an email requesting voices for game creatures. Compl. ¶ 17. Blizzard recorded Lewis's voice and an original song that she

allegedly developed, and applied her vocal work to WoW creatures called baby murlocs, which are virtual pets. Compl. ¶ 17, 21. Lewis alleges that, since at least November 2005, baby murloc pets employing her voice and derivatives thereof have been awarded to attendees of BlizzCon and other WoW-related events such as arena tournaments. Compl. ¶ 20. Blizzard also sells plush versions of baby murlocs through its online store. Compl. ¶ 20.

Lewis has filed applications for copyright registration for her work in baby murloc expressions and the baby murloc song, which she alleges have been incorporated into WoW without her permission. Compl. ¶ 21; Defs' RJN Exs. 1, 2.[1] Lewis alleges that she was not employed by Blizzard to produce creative content, did not receive additional compensation for her creative work, and did not assign any rights in copyright to Blizzard. Compl. ¶ 21.

Lewis filed this action against Blizzard on March 5, 2012, alleging the following claims for relief: copyright infringement pursuant to 17 U.S.C. § 501, unauthorized use of voice in violation of California Civil Code section 3344, and quantum meruit. On April 26, 2012, Blizzard filed the instant motion to dismiss pursuant to Rule 12(b)(6), seeking dismissal of the claims under state law. The matter is fully briefed and submitted.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Lewis's applications for copyright registration which are matters of public record and the subject of allegations in the complaint. See Compl. ¶ 21.

2

Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of

3

a Rule 12(b)(6) motion. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

## DISCUSSION

I. Preemption

Blizzard contends that Lewis's claims for commercial misuse of her voice (or right to publicity) and quantum meruit are preempted by the Copyright Act, 17 U.S.C. § 301. Two conditions must be satisfied to apply the preemption provision of the Copyright Act to state law claims: (1) "'the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103'" and (2) "'the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act.'" <u>Sybersound Records, Inc. v. UAV Corp.</u>, 517 F.3d 1137, 1150 (9th Cir. 2008) (quoting <u>Downing & Abercrombie & Fitch</u>, 265 F.3d 994, 1003 (9th Cir. 2001)).

Lewis does not dispute that the recordings at issue fall within the subject matter of copyright and satisfy the first prong of the preemption test. Opp. at 5. As to the second prong of the preemption test, Lewis's claims, as currently plead, assert rights equivalent to those protected within the general scope of copyright and are therefore preempted.

The "equivalent rights" prong of the test requires a court to consider whether the state claim asserts rights within the general scope of copyright as specified by section 106 of the Copyright Act.

> Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display. To

4

> survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action.

Laws, 448 F.3d 1134, 1143 (9th Cir. 2006) (quoting Del Madera Props. v. Rhodes & Gardner, 820 F.2d 973 (9th Cir. 1987)).

In Laws, the court held that the Copyright Act preempted a claim under the commercial misappropriation statute, Cal. Civil Code § 3344, based on an allegedly unauthorized publication of a musical recording. There, the plaintiff, Debra Laws, recorded the 1981 song "Very Special," which was sampled in a song, "All I Have," performed by Jennifer Lopez in 2002 and produced by Sony Music Entertainment, Inc. Laws brought claims for invasion of privacy and for misappropriation under section 3344 against Sony, which argued that the claims were preempted by the Copyright Act. The court noted that the Copyright Act extends protection to "original works or authorship fixed in any tangible medium of expression from which they can be reproduced," and that a work is "fixed" in a tangible medium "when its embodiment in a copy or phono record, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." Laws, 448 F.3d at 1139 (quoting 17 U.S.C. § 101).

Distinguishing Ninth Circuit decisions holding that claims concerning imitation of a voice were not preempted, the court in Laws noted that Sony did not imitate the plaintiff's voice or singing style but used the recording of her vocal performance. Id. at 1140-41. In Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1100

5

(9th Cir. 1992), by contrast, the court held that the right of publicity claim was not preempted because the defendants imitated the artist's voice rather than using a "copyrightable subject such as a sound recording or musical composition." Similarly, in Midler v. Ford Motor Co., 849 F.2d 460, 462 (9th Cir. 1988), the court held that copyright law did not preempt Bette Midler's misappropriation claim for imitating her voice for advertising purposes because a "voice is not copyrightable." Unlike the claims for voice misappropriation in Waits and Midler, the plaintiff in Laws asserted a misappropriation claim based on Sony's unauthorized use of a sound recording of her vocal performance, which was therefore preempted by copyright law. Laws, 448 F.3d at 1140-41. The court in Laws rejected the plaintiff's argument that her right to publicity claim was not preempted because she alleged unauthorized duplication of her vocal performance, and held that copyright law preempted a voice misappropriation claim "when the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium." Id. at 1141. The court in Laws reasoned, "Sony did not use Laws's image, name, or the voice recording in any promotional materials. Her state tort action challenges control of the artistic work itself and could hardly be more closely related to the subject matter of the Copyright Act." Id. at 1142.

Like Laws's, Lewis's claim for commercial misuse of her voice, pursuant to Civil Code section 3344, is based entirely on the alleged use of recordings of her voice or vocal performance. Section 3344 protects the right of publicity against "[a]ny person

6

who knowingly uses another's name, voice, signature, photograph, or likeness . . . on or in products, merchandise, or goods, or for purposes of advertising or selling, . . . without such person's prior consent." Cal. Civ. Code § 3344. Here, Lewis does not allege that Blizzard used or imitated any aspect of her voice that was not contained in the recordings. See Compl. ¶ 21 ("Blizzard has and continues to use, leverage and profit from Ms. Lewis' Copyrighted Works without permission."). As the court held in Laws, "[a]lthough California law recognizes an assertable interest in the publicity associated with one's voice, we think it is clear that federal copyright law preempts a claim alleging misappropriation of one's voice when the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium." 448 F.3d at 1141. See also Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1153 (9th Cir. 2010) (concluding that right of publicity claim was preempted and remanding for entry of judgment for the plaintiff on copyright claim, which was affirmed on subsequent appeal, 468 Fed. Appx. 676 (9th Cir.), cert. denied, 81 U.S.L.W. 3030 (Oct. 1, 2012)); No Doubt v. Activision Publishing, Inc., 702 F. Supp. 2d 1139, 1145 (C.D. Cal. 2010) (holding that name, physical likeness and persona are not copyrightable, but noting that "if Plaintiff were suing on the basis of Defendant's misuse of Plaintiff's songs or videotaped musical performance, its claims would be preempted by the Copyright Act."). Because Lewis alleges unauthorized use of her voice recordings, federal copyright law preempts her claim for commercial misappropriation.

1    Similarly, Lewis's claim for quantum meruit recovery is based
2 entirely on seeking compensation for Blizzard's alleged use of her
3 voice recordings.  See Compl. ¶ 41 ("While Ms. Lewis permitted
4 defendants to record her voice, she did not give authorization to
5 use her voice and creative content and variations thereof for
6 World of Warcraft or for the promotion of World of Warcraft.").
7 Under California law, "[q]uantum meruit refers to the well-
8 established principle that 'the law implies a promise to pay for
9 services performed under circumstances disclosing that they were
10 not gratuitously rendered.'"  Huskinson & Brown, LLP v. Wolf, 32
11 Cal. 4th 453, 458 (2004) (quoting Long v. Rumsey, 12 Cal.2d 334,
12 342 (1938)).  Lewis alleges that she has applied for copyright
13 registration of her baby murloc vocal expressions and baby murloc
14 song, recorded when she was employed by Blizzard.  Compl. ¶ 21.
15 Thus, her quantum meruit claim seeking "compensation for the use
16 and benefit defendants have obtained from the uncompensated use of
17 her voice and creative content" contained in these recordings
18 asserts rights that are equivalent to Lewis's rights under
19 copyright law, and is also preempted.
20    In her opposition, Lewis does not address the key question
21 whether her claims are limited to her rights in works fixed in a
22 tangible medium of expression, i.e., the recordings, but argues
23 that her state law claims should proceed in the alternative in the
24 event that Blizzard prevails against her copyright claim.  Opp. at
25 6.  Under section 301, however, all state law causes of action
26 falling within the scope of the federal Copyright Act are subject
27 to preemption.  Laws, 448 F.3d at 1137.  Thus, a state law claim
28 that is preempted by copyright law may not be plead under the

8

guise of an alternative or inconsistent theory of recovery. "Whether a claim is preempted under Section 301 does not turn on what rights the alleged infringer possesses, but on whether the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scope of the copyright." Jules Jordan Video, 617 F.3d at 1154-55.

As currently plead, Lewis's claims for commercial misuse of voice and quantum meruit are based wholly on Blizzard's use of her voice recordings and are therefore dismissed as preempted by federal copyright law. Because amendment does not appear to be futile, Lewis is granted leave to amend her state law claims only to the extent that she can allege, subject to Rule 11, commercial misuse of her "name, voice, signature, photograph, or likeness" that is not fixed in a recording.

II. Statute of Limitations

Blizzard also seeks dismissal of Lewis's claims as time-barred under the governing two-year statute of limitations. Mot. at 10-11. Lewis does not dispute that the applicable limitations period in California for commercial misappropriation under section 3344 and quantum meruit is two years. Opp. at 7. See Cusano v. Klein, 264 F.3d 936, 950 (9th Cir. 2001) (citing Cal. Code Civ. Proc. § 339(1)). Lewis further agrees that her claims under California law are subject to the single-publication rule as codified by Civil Code section 3425.3.[2] Opp. at 7. See Christoff v. Nestle USA, Inc., 47 Cal. 4th 468, 476 (2009).

---

[2] Section 3425.3 provides,

9

"'The single-publication rule limits tort claims premised on mass communications to a single cause of action that accrues upon the first publication of the communication, thereby sparing the courts from litigation of stale claims when an offending book or magazine is resold years later.'" Yeager v. Bowlin, 693 F.3d 1076, 1081 (9th Cir. 2012) (quoting Roberts v. McAfee, Inc., 660 F.3d 1156, 1166-67 (9th Cir. 2011)), petition for reh'g and reh'g en banc filed Oct. 1, 2012. "In print and on the internet, statements are generally considered 'published' when they are first made available to the public." Id. at 1081-82. "Under the single-publication rule, the statute of limitations is reset when a statement is republished. A statement in a printed publication is republished when it is reprinted in something that is not part of the same 'single integrated publication.'" Id. at 1082 (quoting Christoff, 47 Cal. 4th at 477).

Plaintiff contends that WoW is not a single game or publication, but a franchise of four separate, independently playable games: the classic World of Warcraft, released November 2004; World of Warcraft: The Burning Crusade, released January 2007; World of Warcraft: Wrath of the Lich King, released November 2008; and World of Warcraft: Cataclysm, released December 2010.

---

> No person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance, such as any one issue of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture. Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions.

10

Opp. at 8. Blizzard responds that the subsequently released expansion packs are part of a single WoW video game product, subject to the single publication rule. Reply at 6. Plaintiff does not include any allegations about the subsequent versions of WoW or expansion packs in the complaint, which alleges only that Blizzard has commercially used Lewis's voice recordings since at least November 2005. Compl. ¶ 20. Furthermore, the complaint does not allege that Lewis's voice was used in the later versions of WoW. As currently plead, Lewis's state law claims for commercial misappropriation are time-barred, as well as preempted by copyright law.

Lewis contends that she is entitled to discovery to determine whether Blizzard misappropriated her voice in later versions or editions of the WoW game, in order to prevent application of the single publication rule from barring her claims. Opp. at 8-9. Lewis cites Christoff, where the state supreme court remanded the plaintiff's claim for unauthorized commercial use of his likeness on coffee jar labels to develop evidence on the question whether the labels produced over a period of years constituted a single integrated publication. 47 Cal. 4th at 482. The court in Christoff held that the applicability of the single publication rule could not be determined "without the benefit of a sufficient factual record that reveals the manner in which the labels were produced and distributed, including when production of the labels began and ceased." 47 Cal. 4th at 482.

The question whether the expansion packs constitute separate publications, rather than a single publication, cannot be determined on the current state of the pleadings and it appears to

present factual issues that are not appropriate for review under Rule 12(b)(6). Furthermore, the parties do not cite authority applying the single publication rule to software and expansion packs or new versions of software. The Court notes, however, that in the context of internet publications, the Ninth Circuit has recently articulated that, under California law, a statement on a website is not republished unless the statement itself is substantively altered or added to, or the website is directed to a new audience. Yeager, 693 F.3d at 1082. The Court also notes that the fact that the classic WoW and the expansion packs were released over a period of six years suggests that the different software releases should be deemed separate publications. See Tiwari v. NBC Universal, Inc., 2011 WL 5079505, *13 (citing Christoff, 47 Cal. 4th at 486 (Werdegar, J., concurring) (expressing doubt that a "five-year course of printing and distributing labels may be deemed a single publication simply because the labels were not substantially altered during that time")), order clarified, 2011 WL 5903859 (N.D. Cal.).

Lewis also argues that the statute of limitations is tolled by Blizzard's fraudulent concealment in misleading her about the existence of an agreement assigning her rights in the recordings. Opp. at 9. Under California law, however, the single publication rule triggers the limitations period immediately upon the publication's initial distribution to the public. See Cole v. Patricia A. Meyer & Associates, APC, 206 Cal. App. 4th 1095, 1121 n.8 (citation omitted), reh'g denied (June 26, 2012), review denied (Aug. 29, 2012). The single publication rule applies "regardless of when the plaintiff secured a copy or became aware

12

of the publication," and is not, therefore, tolled by the discovery rule. Shively v. Bozanich, 31 Cal. 4th 1230, 1245-46 (2003). Lewis cites no authority under California law applying the doctrine of fraudulent concealment to commercial misappropriation claims. Moreover, the complaint does not allege fraudulent concealment by Defendants before the statute of limitations ran. The Court therefore declines to apply that equitable tolling doctrine here.

Under the guidance of Yeager and Christoff, the Court dismisses the state law claims as time-barred and grants Lewis leave to amend the complaint to allege facts that would support a claim of commercial misappropriation in later releases of WoW which republished the game and triggered a new limitations period. To avoid futility of amendment, leave to amend on the issue of timeliness is granted only if the state law claims are amended to assert rights that are not equivalent to rights protected by copyright law, as discussed in section I, above.

## CONCLUSION

For the foregoing reasons, Blizzard's Motion to Dismiss the Second and Third Claims for Relief is GRANTED WITH LEAVE TO AMEND. (Docket No. 14.) Plaintiff may file an amended complaint within twenty-one days of the date of this order. Blizzard must file an answer or otherwise respond to the amended complaint twenty-one days thereafter.

//

//

The initial case management conference will be held on December 19, 2012. The parties must file a revised joint case management statement by December 12, 2012.

IT IS SO ORDERED.

Dated: 10/22/2012

CLAUDIA WILKEN
United States District Judge

14