UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| AMANDA LEWIS,<br><br>            Plaintiff,<br>  v.<br>ACTIVISION BLIZZARD, INC. et al.,<br>            Defendants.<br>_____/ | No. C 12-1096 CW (MEJ)<br><br>**DISCOVERY ORDER RE: DOCKET NO. 35** |

On July 26, 2013, the parties filed a joint discovery dispute letter regarding Defendant Blizzard Entertainment, Inc.'s verification of its original responses to Plaintiff Amanda Lewis's First Set of Interrogatories. Dkt. No. 35. Plaintiff served the interrogatories on July 10, 2012, and Blizzard provided responses on August 27, 2012. *Id.* at 1. The responses did not include a verification. *Id.* The original responses identified Blizzard employees Brian Farr and Mickey Neilson as potential witnesses to recording sessions at issue in this case. *Id.* However, at his deposition on June 26, 2013, Neilson testified that he was not present at either recording session. *Id.* at 1-2. When shown the interrogatory responses, Neilson testified that the information concerning his presence was not accurate. *Id.* at 2. Blizzard subsequently served Plaintiff with a set of amended responses, including a verification signed by another Blizzard employee. *Id.* at 2.

Plaintiff argues that Blizzard must be compelled to provide a verification for its original responses. *Id.* at 5. Blizzard argues that it cannot attest under oath to matters that it has now discovered to be incorrect and that have been properly and timely corrected. *Id.* at 6.

Answers to interrogatories must be in writing, given under oath, and signed by the person giving the answers. Fed. R. Civ. P. 33(b)(3), (5). The purpose of the verification requirement is to ensure that the answers are in a form that is admissible at summary judgment and trial. *See, e.g.,*

*Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 538-39 (S.D. W.Va. 2005); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2012 U.S. Dist. LEXIS 47882, at *7 (W.D. Wash. Apr. 4, 2012).  A party has a duty to supplement responses in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process. . . ." Fed. R. Civ. P. 26(e)(1)(A).  This rule expressly contemplates that a party may add to or change an answer.  *Id.*

Pursuant to Rule 33(b)(5), the unverified response in the August 27 Response to Interrogatories was no answer at all.  Instead, it is the verified Amended Response which constitutes a responsive answer to Plaintiff's Interrogatories.  *Cascade Yarns*, 2012 U.S. Dist. LEXIS 47882, at *8  (finding plaintiff's motion to compel verification to previous version of responses moot where defendant provided a verified response in the form of a third supplemental response to interrogatory).  Plaintiff argues that *Cascade* is inapplicable because the defendant provided essentially the same answers in all responses, whereas Blizzard has provided substantially different answers in its original and amended responses.  *Id.* at 6.  However, the defendant in *Cascade* did not provide the same responses.  In its second supplemental response, the defendant referred to a release from liability for "any claims."  *Cascade*, 2012 U.S. Dist. LEXIS 47882, at *5.  In its third supplemental response, the defendant referred to the removal of certain factual allegations from its counter-claims.  *Id.* at *6.  These are not the same responses, and the Court finds Plaintiff's argument to be without merit.  Accordingly, Plaintiff's request to compel verification of Blizzard's interrogatory responses is DENIED as moot.  Plaintiff's request for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: July 30, 2013

_____
Maria-Elena James
United States Magistrate Judge