IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA LEWIS, | No. C 12-1096 CW |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (Docket No. 54) |
| v. | |
| ACTIVISION BLIZZARD, INC., et al., | |
| Defendants. | |

Plaintiff Amanda Lewis brought this action against her former employer, Defendants Activision Blizzard, Inc., and Blizzard Entertainment, Inc. (collectively, Blizzard), alleging federal copyright infringement and state-law claims for commercial misappropriation of voice pursuant to section 3344 of the California Commercial Code and quantum meruit. Blizzard has prevailed on each of those claims, and now moves for an award of attorneys' fees and costs. After considering the parties' submissions, the Court GRANTS the motion in part.

BACKGROUND

Blizzard develops, markets, and distributes video games, including World of Warcraft (WoW), a multiplayer online role-playing game. Lewis was employed by Blizzard from May 2005 to August 2006 as a "game master," a sort of customer service role in which she answered customers' questions and offered assistance with various aspects of the game. In July 2005, Lewis auditioned for voiceover work related to WoW, and she was selected to record

a voice for a newly created game character called the "baby murloc."  In September 2005, Plaintiff participated in two recording sessions.  She was compensated for her time at her usual hourly rate, and did not seek additional compensation for her work on the recordings.  Lewis's employment was terminated in August 2006, and sometime later she learned that the recordings were being used not only for promotional purposes, as she initially thought, but also in the WoW game, itself.

Lewis filed this lawsuit in March 2012.  On October 22, 2012, the Court granted Blizzard's motion to dismiss the state-law claims[1] which the Court found to be both preempted by federal copyright law and time-barred.  Lewis filed her amended complaint on November 13, 2012, alleging only the federal copyright claim. On October 17, 2013, the Court granted Blizzard's motion for summary judgment.

## DISCUSSION

The Court had original jurisdiction over Lewis's copyright claim pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Lewis's state-law claims pursuant to 28 U.S.C. § 1367.

I.  Attorneys' Fees

A.  Right of Publicity Claim

In the Ninth Circuit, state law governs applications for attorneys' fees in cases where a federal court exercises diversity or supplemental jurisdiction.  Mangold v. Cal. Pub. Utils. Comm'n,

---

[1] Both Lewis's right of publicity claim and her quantum meruit claim were dismissed; Blizzard seeks attorneys' fees only with regard to the right of publicity claim.

2

67 F.3d 1470, 1478 (9th Cir. 1995); Synapsis, LLC v. Evergreen Data Sys., Inc., 2006 WL 3302432, at *2 (N.D. Cal.). Because the Court exercised supplemental jurisdiction over Lewis's state law claims, California law applies to the motion with regard to those claims.

California Civil Code section 3344(a) provides, in relevant part, "The prevailing party in any action under this section shall also be entitled to attorney's fees and costs." This language makes the award of attorneys' fees and costs to the prevailing party mandatory. Love v. Assoc. Newspapers, Ltd., 611 F.3d 601, 614 (9th Cir. 2010) ("section 3344 clearly mandates an award of attorney's fees"); accord Kirby v. Sega of Am., Inc., 144 Cal. App. 4th 47, 62 (2006) ("The mandatory fee provision in section 3344 subdivision a leaves no room for ambiguity.").

Lewis argues (1) that Blizzard did not prevail on her state law right of publicity claim, but instead merely "prevailed on the argument that Ms. Lewis' claim was preempted by federal copyright law"; and (2) that because her right of publicity claim was preempted by the federal copyright statute, Blizzard's claim to attorneys' fees is similarly preempted. These arguments are not persuasive, and are contrary to Ninth Circuit precedent.

In determining that Lewis's right of publicity claim was preempted by federal copyright law, the Court relied heavily on the Ninth Circuit's opinion in Laws v. Sony Music Entm't, Inc., 448 F.3d 1134 (2006), in which the district court held, and the Ninth Circuit affirmed, that the plaintiff's right of publicity claims were preempted by federal copyright law. In Laws, the defendant was found to have prevailed, and the district court

3

awarded the defendant $97,000 in attorneys' fees. Laws, No. 3-2038, Order (Docket No. 64) (C.D. Cal. 2004). Although attorneys' fees were not a subject of the Ninth Circuit's published opinion, the circuit court subsequently entered an order awarding the defendant an additional $60,368.40 in attorneys' fees pursuant to section 3344. Laws, No. 3-57102, Order (Docket No. 42) (9th Cir. 2006).

Thus, where a plaintiff brings a claim under section 3344 and, as here, that claim fails as a matter of law, the defendant has prevailed on that claim and is entitled to recover attorneys' fees. See, e.g. Love, 61 F.3d at 614 (defendant in section 3344 action entitled to attorneys' fees where, under choice-of-law analysis, section 3344 did not govern the plaintiff's claim); Page v. Something Weird Video, 960 F. Supp. 1438, 1446 (C.D. Cal. 1996) (in section 3344 action, "[o]bviously the defendant prevails when the plaintiff recovers nothing" (quoting 7 B.E. Witkin, California Procedure, Judgment § 88 at 524 (3d ed. 1985))). The fact that the § 3344 claim was preempted by federal law does not preclude an award of § 3344 attorneys' fees to the prevailing party.

With regard to attorneys' fees resulting from Lewis's right of publicity claim under California Civil Code section 3344, the motion is GRANTED.

B.   Copyright

Under 17 U.S.C. § 505, the court may in its discretion award the prevailing party reasonable attorneys' fees and costs. In determining whether to grant attorneys' fees, the court may consider (1) the degree of success obtained by the prevailing party; (2) frivolousness; (3) motivation; (4) objective

unreasonableness in both the factual and legal arguments of the case; (5) the need in the particular circumstance to advance considerations of compensation and deterrence; and (6) promotion of the Copyright Act's objectives. Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994).

Here, the factors weigh in favor of awarding Blizzard attorneys' fees. The first factor favors an award of attorneys' fees, because Blizzard prevailed on summary judgment, and its success was complete.

The second and fourth factors favor an award of attorneys' fees, because Lewis's claim was objectively unreasonable and bordered on frivolous. Lewis argues that "Blizzard's work for hire argument was developed well after the case was filed and is based largely on a single ambiguous sentence in one module of a training manual." This Court, however, did not find the training manual to be ambiguous, but that "the training manual Plaintiff received specifically identified content-creation as one of her official responsibilities." Order on Summ. J. at 8 (Docket No. 52) (emphasis added). Lewis acknowledged that she had read the training manual when she first began working for Blizzard, that she was paid her normal hourly wage for participating in the "baby murloc" recording sessions and did not seek any further compensation, and that she was motivated by a desire to serve Blizzard's interests when she participated in the recording sessions; in addition, those recording sessions were conducted at Blizzard's offices, using Blizzard's equipment, and under the supervision of Blizzard's sound engineer. Id. at 7, 9-11. These are all facts that Lewis knew or should have known from the outset

5

would undermine her copyright claim.  Thus, her claim was objectively unreasonable.  See <u>Gashtili v. JB Carter Props. II, LLC</u>, 2014 U.S. Dist. LEXIS 10293, at *5 (D. Nev.) (the plaintiffs' claims "bordered on frivolous and were not objectively reasonable" where "it was clear from the outset of this litigation that Plaintiffs' case was fatally flawed").

The third factor, Lewis's motivation for bringing her claims, also weighs in favor of an award of attorneys' fees.  When a plaintiff's claim is objectively unreasonable, a court may consider whether "the tactics and strategies pursued by [the plaintiff] and [her] attorneys" were merely intended "to force a settlement with a wealthy [defendant] with little or no basis for doing so."  <u>Coles v. Wonder</u>, 283 F.3d 798, 803 (6th Cir. 2002) (quoting district court order).  Here, despite the objective unreasonableness of her claim, Lewis threatened that "Blizzard will likely be required to spend more than $1 million on its defense," and that "Blizzard may find that litigation of this matter constitutes poor public relations," then demanded $1.2 million to settle the case.  Decl. Mayer Ex. 7 at 96. Blizzard responded by advising Lewis that it "typically pays no more than $400 for non-union voice-work."  Decl. Mayer Ex. 8 at 100.  Blizzard subsequently made an offer of judgment for nearly forty times that amount ($15,000), to which Lewis never responded. Decl. Mayer ¶ 19 and Ex. 9 at 103.  In addition, Blizzard repeatedly warned Lewis that she might have to pay attorneys' fees; it even offered, after Lewis acknowledged in her deposition that her job description expressly included the creation of game content, to forego any claim to attorneys' fees if she would

6

dismiss her suit.  Decl. Mayer Ex. 10 at 106-07.  In light of the objective unreasonableness of Lewis's claim, her equally unreasonable settlement demand and continued refusal of Blizzard's settlement offers are evidence of an improper motive.

The fifth and sixth factors support an award of attorneys' fees, because deterring such meritless claims supports the objective of the Copyright Act.  The Ninth Circuit has held that "an award of [attorneys'] fees may deter baseless suits."  Maljack Prods. v. Goodtimes Home Video Corp., 81 F.3d 881, 890 (9th Cir. 1996); accord Assessment Tech. of Wis., LLC v. WIREdata, Inc., 361 F.3d 434, 437 (7th Cir. 2004) (where a plaintiff brings a "marginal" suit, the defendant must have "a prospect of obtaining attorneys' fees, [or] it will be under pressure to throw in the towel if the cost is less than the anticipated attorneys' fees"); Earth Flag Ltd. v. Alamo Flag Co., 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001) (where infringement claim is objectively unreasonable, "[f]ailing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of any consequences").  Lewis argues that the Court should not award attorneys' fees to a successful company "at the expense of a young woman with almost no assets."  However, as the Court previously noted, Blizzard gave Lewis multiple opportunities to end the case without reaching this point, and Lewis declined.

With regard to attorneys' fees resulting from Lewis's copyright claim, the motion is GRANTED.

II. Costs

In granting Blizzard's motion for summary judgment, the Court stated, "Each party shall bear her or its own costs." Accordingly, when Blizzard submitted a bill of costs, (Docket No. 55), it was denied by the Clerk of Court, (Docket No. 59), who cited the Court's summary judgment order. That bill addressed only taxable costs.

In a copyright case, "the court in its discretion may allow the recovery of <u>full</u> costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505 (emphasis added); see also <u>Twentieth Century Fox Film Corp. v. Entm't Distrib.</u>, 429 F.3d 869, 885 (9th Cir. 2005) (under § 505 "district courts may award otherwise non-taxable costs, including those that lie outside the scope of [28 U.S.C.] § 1920"). Blizzard's motion for recovery of certain non-taxable costs is GRANTED.

III. Award of Attorneys' Fees and Costs

  A.  Attorneys' Fees

Reasonable attorneys' fees must be calculated using the "lodestar" method. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363 (9th Cir. 1996).

//
//
//
//
//
//

8

Here, Lewis objects neither to the hourly rates claimed by Blizzard's counsel,[2] which the Court finds to be reasonable, nor to the number of hours that Blizzard's counsel claims it expended on the litigation.

### 1.  Right of Publicity Claim

Blizzard claims it reasonably expended $13,853.00 in attorneys' fees related to its motion to dismiss Lewis's state law right of publicity claim.[3]  Decl. Mayer Ex. 2.  However, this amount includes 0.4 hours billed by Mayer to "[d]raft and revise declination to consent to magistrate judge; revise motion to dismiss."  Mayer's work on the motion to dismiss is attributable to Lewis's right of publicity claim; his work on the declination

---

[2] Blizzard's lead counsel, Marc E. Mayer, a partner at the law firm Mitchell Stiberberg & Knupp (MSK) with fifteen years' litigation experience, billed at $480.00 per hour; Andrew Spitser, an MSK associate with five years' experience, initially was billed out at $250.00 per hour, and beginning on March 1, 2013, was billed out at $260.00 per hour; Karin Pagnanelli, a partner and chair of MSK's intellectual property group, billed at $490.00 per hour; Eric Schwartz, an MSK partner with expertise in copyright law, billed at $505.00 per hour; Paul Guelpa, an MSK associate, was billed out at $390.00 per hour; and MSK's paralegals, Nicole Leon-Kawasaki and Kiersten Stenslend, were billed out at $190.00 per hour and $210.00 per hour, respectively.  Decl. Mayer at ¶¶ 3-7, 9 (Docket No. 54-1).

[3] There appear to be two typographical errors in the summary tables provided on page 63 of Docket No. 54-1.  First, the summary table for the month of March 2012 shows that Mayer worked 1.8 hours and billed $4,128.00.  Those numbers are not consistent with Mayer's claimed $480.00 per hour rate.  However, the itemized breakdown on the following page shows Mayer recorded 8.6 hours worked in March 2012, which, if billed at his hourly rate of $480.00 per hour, is consistent with the claimed amount of $4,128.00.  Second, the summary table for the month of May 2012 shows $4,848 billed for work done by Mayer, and $250.00 billed for work done by Spitzer, but incorrectly shows a total for the month of $5,348.00.  The correct total for May 2012 should be $5,098.00.

9

to consent is not.  Accordingly, the Court credits Blizzard with only half of this entry, and thereby reduces the amount claimed by $96.00 (0.2 hours at Mayer's rate of $480.00 per hour equals $96.00).  Blizzard is awarded attorneys' fees in the amount of $13,757.00 for prevailing on Lewis's right of publicity claim.

### 2.   Copyright Claim

Blizzard claims it reasonably expended $153,646.50 in attorneys' fees related to this claim, in addition to expenditures related to its motion to dismiss Lewis's state law claims.  Decl. Mayer Ex. 3.  However, this amount includes the following entries, for which the Court will not award attorneys' fees:

On March 14, 2012, 0.5 hours ($240.00) by Mayer, with the purpose completely redacted.  Although reasonable redactions may be necessary to protect privileged information, the Court will not order Lewis to pay for work for which the Court has no information whatsoever.

On June 7 and 8, 2012, 0.4 hours ($196.00) by Pagnanelli, for "Conference with M. Mayer regarding notice of appearance," and "File notice of appearance; email to M. Mayer regarding status." These are administrative matters for which the Court will not order Lewis to pay.

On July 15 and 16, 2013, 2.8 hours ($910.00) by a "D. Kohler" for "Legal reserach regarding derivative works and joint ownership," and "Legal research [REDACTED] telephone conference with M. Mayer regarding [REDACTED]."  Mayer's Declaration provides no information about anyone named "D. Kohler," such as employment or qualifications, which would justify this expense.

On October 3, 2013, 0.8 hours ($196.00) by an "S. Xing" to "Prepare authorities (M. Mayer)." Mayer's declaration provides no information about anyone named "S. Xing," such as employment or qualifications, which would justify this expense.

Accordingly, the Court reduces the amount claimed by $1,542.00, and finds that Blizzard reasonably expended recoverable attorneys' fees in the amount of $152,104.50 in the defense of its copyright claim in this case.

However, district courts have held that the amount of fees awarded should be informed by, among other things, "'the relative financial strength of the parties,' and whether the amount requested is 'excessive in light of the [losing party's] resources.'" Garnier v. Andin Int'l, 884 F. Supp. 58, 63 (D.R.I. 1995) (quoting Lieb v. Topstone Indus., 788 F. 2d 151, 156 (3d Cir. 1986) (describing the copyright statute's goals as "compensation and deterrence where appropriate, but not ruination")). Here, Lewis states that she is a junior college student, is not currently employed, and has less than $10,000 in total assets. Decl. Lewis (Docket No. 56-1). Under these circumstances, the Court awards Blizzard attorneys' fees for the defense of Lewis's copyright claim in the amount of $15,000.00.

B. Costs

Blizzard asks for an award of $4,198.59 in non-taxable costs for printing copying and scanning; court filings; delivery and messenger services; travel and court appearances; and other miscellaneous costs. Decl. Mayer Ex. 4. However, this amount includes the following entries, for which the Court will not make an award of costs:

11

Blizzard asks for $2,056.34 for copying, printing and scanning.  Mayer's declaration merely provides the Court with monthly summaries, with no description of what was being copied, printed or scanned.

Blizzard asks for $110.75 for "Court Filing Service/U.S. Legal Mgmt. - USDC, Oakland."  Although the date of this entry (August 28, 2013) roughly corresponds with the date of filing of Blizzard's motion for summary judgment (August 29, 2013), Mayer's declaration does not otherwise explain this expense.

Blizzard asks for $26.59 for "Delivery Services - Jiyun Lee, San Francisco."  Mayer's declaration provides no information about anyone named "Jiyun Lee" and does not explain what was being delivered or why.

Blizzard asks for $103.61 for miscellaneous expenses, including purchase of various WoW games and purchase of a plush toy and game cards "for evidence."  Mayer's declaration does not explain why Blizzard was required to purchase its own products for purposes of this litigation.

Accordingly, the Court reduces the amount claimed by $2,297.29, and finds that Blizzard is entitled to an award of non-taxable costs in the amount of $1,901.30.

## CONCLUSION

For the reasons set forth above, Blizzard's motion for attorneys' fees and costs (Docket No. 54) is GRANTED in part and DENIED in part.  Blizzard is awarded $28,757.00 in attorneys' fees, of which $13,757.00 is for prevailing on Lewis's right of publicity claim, and $15,000.00 is for prevailing on Lewis's

12

1  copyright claim; and $1,901.30 in non-taxable costs for prevailing
2  on Lewis's copyright claim.
3       IT IS SO ORDERED.



5  Dated:   September 25, 2014
         CLAUDIA WILKEN
         United States District Judge